UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.,<br><br>                 Plaintiff,<br>  v.<br><br>GLENBROOK APARTMENTS, LAURENCE VOSTI, and ROBERT HENN,<br><br>                 Defendants. | Case No. 1:13-cv-00055-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is plaintiff's Motion to Strike Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f). (Dkt.14). The motion is fully briefed. For the reasons explained below, the Court will grant the motion

### ANALYSIS

In April 2013, Plaintiff Intermountain Fair Housing Council sued Glenbrook Apartments and its owners for alleged violations of the Fair Housing Act. *See Am. Verified Comp.,* Dkt. 5. Intermountain also alleges that defendants were negligent in

their treatment of various unidentified individuals. When defendants answered the complaint, they included eighteen affirmative defenses. Intermountain contends that ten of these defenses (the third through the eleventh, plus the seventeenth) should be stricken because they do not meet the *Twombly/Iqbal* pleading standard. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

The Court will strike these affirmative defenses, but it does not need to decide whether *Twombly* and *Iqbal* apply. Rather, as the Court has recently held, if affirmative defenses contain no detail whatever, they fail to satisfy even the lesser pleading standard set prior to *Twombly* and *Iqbal*. *See Intermountain Fair Housing Council v. Michael's Manor, L.L.C.*, Case No. 4:12-cv-645-BLW, 2013 WL 3944259 (D. Idaho July 29, 2013) (striking affirmative defenses nearly identical to those pled here). Under this lesser standard, an affirmative defense is insufficiently pled where it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id*. The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Smith v. N. Star Charter Sch., Inc.*, Case No. 1-10-cv-618-WBS, 2011 WL 3205280, at *3 (D. Idaho July 26, 2011).

The affirmative defenses alleged here do not meet this pleading standard. The ninth affirmative defense, for example, alleges only that "[t]he Plaintiff's claims are barred, in whole or in part, by the doctrine of laches." *Answer*, Dkt. 12, at 4. The

remaining, challenged affirmative defenses are similarly pleaded.  Intermountain is entitled to an explanation of these defenses.  The Court will therefore grant the motion to strike, though it will give defendants an opportunity to amend.  If no amendment is made, the defense will be stricken.

## ORDER

**IT IS ORDERED** that Intermountain's Motion to Strike Affirmative Defenses (Dkt. 14) is **GRANTED CONDITIONALLY** as to the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and seventeenth affirmative defenses.  More detailed allegations for these affirmative defenses must be filed within 21 days from the entry of this decision or the affirmative defenses will be stricken.



DATED: October 31, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 3